GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT, SBN 191993
    MMaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
    KMagallanes@gibsondunn.com
3161 Michelson Drive
Irvine, California  92612-4412
Telephone:  949.451.3800
Facsimile:    949.451.4220

GIBSON, DUNN & CRUTCHER LLP
KATHERINE V.A. SMITH, SBN 247866
    KSmith@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000
Facsimile:    213.229.7520

GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
    JRose@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California  94105-0921
Telephone:  415.393.8200
Facsimile:    415.393.8306

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-02991<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL**<br><br>Date Action Filed:       March 15, 2023 |

# TABLE OF CONTENTS

**Page**

I.     TIMELINESS OF REMOVAL ................................................................................ 1

II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ........... 1

    A.     There is Complete Diversity of Citizenship ................................................ 3

    B.     The Amount in Controversy Exceeds $75,000 ........................................... 4

III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ............ 10

Gibson, Dunn & Crutcher LLP

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Adkins v. J.B. Hunt Transp., Inc.*,
   293 F. Supp. 3d 1140 (E.D. Cal. 2018) ................................................................. 7, 8

*Amado v. US Bancorp*,
   2015 WL 5618877 (C.D. Cal. Sept. 24, 2015) ......................................................... 9

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
   2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) ............................................................ 6

*Ayala v. Cox Auto., Inc.*,
   2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ........................................................ 4, 5

*Babyak v. Cardiovascular Sys. Inc.*,
   2017 WL 1907785 (Cal. Super. Ct. Apr. 25, 2017) ............................................... 10

*Bayol v. Zipcar, Inc.*,
   2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) ....................................................... 10

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) ............................................................................ 6

*Canales v. Performance Food Grp., Inc.*,
   2017 WL 5905498 (C.D. Cal. Nov. 30, 2017) ...................................................... 8, 9

*Casillas v. Cent. Cal. Faculty Med. Grp., Inc.*,
   2016 WL 9281429 (Cal. Super. Ct. Oct. 27, 2016) ................................................ 10

*Castillo v. ABM Indus. Inc.*,
   2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) .................................................. 10, 11

*Castle v. Lab. Corp. of Am.*,
   2017 WL 2111591 (C.D. Cal. May 15, 2017) ...................................................... 8, 9

*Chambers v. Penske Truck Leasing Corp.*,
   2011 WL 1459155 (E.D. Cal. Apr. 15, 2011) .......................................................... 7

*Davila v. L.A. Unified Sch. Dist.*,
   2019 WL 5773870 (Cal. Super. Ct. Sept. 10, 2019) ................................................ 8

Gibson, Dunn &
Crutcher LLP

ii

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Dinham v. Prime Healthcare Servs. Found.*,
  2015 WL 12567244 (Cal. Super. Ct. Oct. 21, 2015)................................................................8

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) ...............................................................................................10

*Garfias v. Team Indus. Servs., Inc.*,
  2017 WL 4512444 (C.D. Cal. Oct. 10, 2017) .....................................................................7, 8

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ..................................................................................................5

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ..................................................................................................5

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ................................................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..................................................................................6

*Kroske v. U.S. Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ..................................................................................................9

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ..............................................................................................4, 6

*Lippold v. Godiva Chocolatier, Inc.*,
  2010 WL 1526441 (N.D. Cal. Apr. 15, 2010).........................................................................6

*McPhail v. Deere & Co.*,
  529 F.3d 947 (10th Cir. 2008) ................................................................................................6

*Mejia v. Parker Hannifin Corp.*,
  2018 WL 582325 (C.D. Cal. Jan. 26, 2018)............................................................................9

*Molnar v. 1-800-Flowers.com, Inc.*,
  2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ...........................................................................9

Gibson, Dunn &
Crutcher LLP

iii

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Ortega v. Carson Wild Wings LLC*,
 2020 WL 1812491 (Cal. Super. Ct. Feb. 11, 2020)......................................................10

*Patel v. Nike Retail Servs., Inc.*,
 58 F. Supp. 3d 1032 (N.D. Cal. 2014)..................................................................5, 6

*Plata v. Target Corp.*,
 2016 WL 6237798 (C.D. Cal. Oct. 25, 2016) ............................................................8

*Ponce v. Med. Eyeglass Ctr., Inc.*,
 2015 WL 4554336 (C.D. Cal. July 27, 2015) ...........................................................11

*Sanchez v. Monumental Life Ins. Co.*,
 102 F.3d 398 (9th Cir. 1996) ...................................................................................5

*Sasso v. Noble Utah Long Beach, LLC*,
 2015 WL 898468 (C.D. Cal. Mar. 3, 2015) .............................................................11

*Simmons v. PCR Tech.*,
 209 F. Supp. 2d 1029 (N.D. Cal. 2002)..............................................................7, 10

*Smiley v. Hologic, Inc.*,
 2017 WL 1354787 (S.D. Cal. Apr. 12, 2017) ...........................................................9

*Woodruff v. Pac. Gas & Elec.*,
 2018 WL 4908010 (Cal. Super. Ct. July 20, 2018)....................................................8

**STATUTES**

28 U.S.C. § 84(c) ..............................................................................................................12

28 U.S.C. § 1332.....................................................................................................4, 5, 11, 12

28 U.S.C. § 1441..............................................................................................................12

28 U.S.C. § 1446..........................................................................................................2, 5, 7, 12

Cal. Lab. Code § 226 ....................................................................................................3, 4

Cal. Lab. Code § 1102.5(j) ............................................................................................10

Gibson, Dunn &
Crutcher LLP

iv

# TABLE OF AUTHORITIES
(continued)

**Page**

Cal. Lab. Code § 6310 ...................................................................................................3

Cal. Lab. Code § 6400 ...................................................................................................3

California Business and Professions Code § 17200 *et seq.* ...............................................3

Gibson, Dunn &
Crutcher LLP

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JAIME LOPEZ, AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 23STCV05809 in Los Angeles County Superior Court, State of California.  Removal is proper on the following grounds:

## I.    TIMELINESS OF REMOVAL

1.    Plaintiff Jamie Lopez ("Plaintiff") filed his Complaint against Lowe's in Los Angeles County Superior Court, State of California, Case No. 23STCV05809, on March 15, 2023.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; (d) Civil Case Cover Sheet Addendum and Statement of Location; (e) Notice of Case Assignment Unlimited Civil Case; (f) Alternative Dispute Resolution (ADR) Information Package; (g) First Amended General Order; (h) Voluntary Efficient Litigation Stipulation Packet; (i) Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; (j) Notice of Case Management Conference; (k) Proof of Personal Service; and (l) Notice of Service of Process Transmittal are attached as Exhibits A–L to the Declaration of Katie M. Magallanes ("Magallanes Decl.") filed concurrently here.

2.    According to the Proof of Personal Service and Notice of Service of Process, Plaintiff personally served Lowe's through its registered agent for service of process on March 21, 2023.  *See* Magallanes Decl. Exs. K–L.  Consequently, service was completed on March 21, 2023.  This Notice of Removal ("Notice") is timely because it is filed within thirty days after service was completed.  *See* 28 U.S.C. § 1446(b).

## II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.    In his Complaint, Plaintiff alleges seven causes of action against Lowe's:

Gibson, Dunn & Crutcher LLP

1

(1) Retaliation for Reporting Illegal Activities in Violation of California Labor Code § 1102.5; (2) Violation of California Labor Code § 6310; (3) Failure to Maintain a Safe Work Environment in Violation of Labor Code § 6400; (4) Tortious Wrongful Termination in Violation of Public Policy; (5) Failure to Provide Rest Periods or Pay Rest Period Premiums in Violation of §§ 226.7 and 512; (6) Failure to Provide Accurate Itemized Wage Statements in Violation of California Labor Code § 226; and (7) Unfair Business Practices in Violation of California Business and Professions Code § 17200 *et seq.*

4.      Plaintiff alleges that "[o]n or around July 5, 2022," he "was hospitalized for four (4) days" and "placed off work for two (2) weeks" after a "forklift suddenly malfunctioned, spun out of control, and pinned [Plaintiff] between the aisle racks and the forklift, badly injuring" him.  Magallanes Decl. Ex. B ("Compl.") ¶¶ 14–15.  Plaintiff further alleges that "[a]fter returning to work" he "asked . . . whether [Lowe's was] investigating the accident" and whether "Occupational Safety and Health Administration ("OSHA") was also involved in the investigation*."  Id*. ¶¶ 17–18.  Plaintiff also alleges that "[o]n August 10, 2022, [he] was abruptly brought into a meeting" where he "was told he would be terminated for violating the company's safety protocol and created an unsafe work environment by not following the 10-foot safety perimeter around operating 'power tools.'"  *Id*. ¶ 19.

5.      Plaintiff further alleges that "throughout his employment" he "regularly worked over eight (8) hours in a day, and/or forty (40) hours in a week" but Lowe's "failed to provide" him "with timely off-duty ten-minute paid rest periods for every four (4) hours worked or major fraction thereof" and did "not pa[y] one (1) hour of pay at his regular rate of compensation for each work day where a legally compliant rest period was not provided."  *Id*. ¶ 21.  Plaintiff also alleges that Lowe's "knowingly and willfully failed to provide [him] with wage statements that complied with the requirements of California Labor Code section 226(a)."  *Id*. ¶ 70.

Gibson, Dunn & Crutcher LLP

2

6.     Among other things, Plaintiff alleges that he is entitled to lost wages and other benefits, pain and suffering, past and future medical expenses, interest, civil penalties, punitive damages, and attorneys' fees and costs. *See id.*, Prayer ¶¶ 1–10.

7.     Lowe's denies that liability or damages can be established as to Plaintiff and further maintains that this action was improperly filed in court because Plaintiff agreed to individual arbitration of the claims he has asserted in this action.  Lowe's expressly reserves all rights to move to compel individual arbitration.  Further, Lowe's does not concede, and reserves the right to contest at the appropriate time, that any of Plaintiff's allegations constitutes a cause of action against it under applicable California law.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  Lowe's Notice seeks only to establish that the amount in controversy is more likely than not in excess of Section 1332's jurisdictional minimum.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Lowe's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Thus, for purposes of this removal only, Lowe's assumes Plaintiff's allegations are true.

8.     Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Lowe's and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.  Lowe's denies Plaintiff's factual allegations and denies that he is entitled to the relief requested.  However, based on the allegations in the Complaint and the prayer for relief, all requirements for federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

**A.     There is Complete Diversity of Citizenship**

9.     Plaintiff and Lowe's are "citizens of different states."  28 U.S.C. § 1332(a).

10.     For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto.,*

Gibson, Dunn &
Crutcher LLP

3

*Inc.*, 2016 WL 6561284, at \*4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he "is, and at all times herein relevant, was an individual and a resident of the State of California." Compl. ¶ 4. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at \*4.

11. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Lowe's Home Centers, LLC is a limited liability company organized under the laws of North Carolina and has its principal place of business in North Carolina. Declaration of Grace Ridley ("Ridley Decl.") ¶ 2. Lowe's Companies, Inc. is the sole member and owner of Lowe's Home Centers, LLC, and Lowe's Companies, Inc., is a North Carolina corporation with its principal place of business in North Carolina. *Id.* As such, Lowe's is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

12. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and Lowe's. *See* 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Exceeds $75,000**

13. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true. . . . a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal.

2014). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) (explaining that "[t]he amount in controversy is not proof of the amount the plaintiff will recover" but is instead "an estimate of the amount that will be put at issue in the course of the litigation").

14.     A removing defendant is not required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)). Instead, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g.*, *Lippold*, 2010 WL 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a day every day that plaintiff worked for" defendant, because plaintiff alleged that he "regularly and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

15.     Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D.

Gibson, Dunn &
Crutcher LLP

5

Cal. 2008) (emphasis omitted) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

16. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff seeks, among other relief, lost wages and other benefits, pain and suffering, past and future medical expenses, civil penalties, punitive damages, and attorneys' fees. *See* Compl., Prayer ¶¶ 1–10; 28 U.S.C. § 1446(c)(2); *see also, e.g., Garfias v. Team Indus. Servs., Inc.*, 2017 WL 4512444, at *3–5 (C.D. Cal. Oct. 10, 2017) (reviewing various categories of compensatory relief as part of removal analysis).

17. Plaintiff seeks lost wages or back pay for his retaliation and wrongful termination claims. *See* Compl. ¶¶ 30, 41, 53. Lowe's Human Resources records reflect that Plaintiff was expected to work 40 hours per week. *See* Ridley Decl. ¶ 3. Plaintiff's average hourly wage over the course of his employment with Lowe's as a full-time, non-exempt team member was approximately $21.09. *Id.* Based on that average, Plaintiff's pay as a full-time employee can be conservatively estimated to be at least $843 per week. Plaintiff's employment with Lowe's ended on August 10, 2022. *Id.*; Compl. ¶ 19. For removal purposes, Plaintiff's alleged back pay can be estimated by multiplying his hourly wage by the number of workweeks between his termination date and the date of removal. *See Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, at *3 (E.D. Cal. Apr. 15, 2011), *report and recommendation adopted*, 2011 WL 1739913 (E.D. Cal. May 4, 2011); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). That would yield estimated alleged back pay of at least **$30,348** ($843 x 36 workweeks).

18. Plaintiff also seeks "pain and suffering" due to Lowe's alleged "retaliat[ion] against" Plaintiff "by terminating [him] before he had an opportunity to speak with OSHA" and "after [he] made oral and/or written complaints regarding health, safety and/or working conditions." Compl. ¶¶ 27, 29, 36, 39, 54, Prayer ¶ 1. "Emotional distress damages may be considered when calculating the amount in controversy" even where the amount is "not clearly pled in the complaint." *Adkins v. J.B. Hunt Transp.,*

Gibson, Dunn &
Crutcher LLP

6

*Inc.*, 293 F. Supp. 3d 1140, 1146 (E.D. Cal. 2018) (quoting *Simmons*, 209 F. Supp. 2d at 1034). In "establish[ing] the likely amount of recoverable emotional distress damages, a removing defendant may provide evidence in the form of jury verdicts from similar cases." *Id.* (quoting *Guillen v. Kindred Healthcare Operating, Inc.*, 2018 WL 1183354, at *5 (C.D. Cal. Mar. 7, 2018)). It is also "reasonable to apply a 1:1 ratio to emotional distress and economic damages for purposes of the . . . jurisdictional analysis." *Garfias*, 2017 WL 4512444, at *5; *see also Adkins*, 293 F. Supp. 3d at 1147. Other courts have held that it is plausible that a plaintiff in a wrongful termination case could recover $25,000 in emotional distress damages. *See Canales v. Performance Food Grp., Inc.*, 2017 WL 5905498, at *4 (C.D. Cal. Nov. 30, 2017); *see also Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4–6 (C.D. Cal. May 15, 2017) (denying motion to remand and noting that emotional distress damages "may result in award as high as $200,000 [or] $25,000"); *Plata v. Target Corp.*, 2016 WL 6237798, at *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

19. Emotional distress damages have been awarded in other single-plaintiff retaliation, whistleblower cases involving similar allegations in amounts varying between $120,000 and $600,000. *Woodruff v. Pac. Gas & Elec.*, 2018 WL 4908010 (Cal. Super. Ct. July 20, 2018) (awarding $150,000 in emotional distress damages in single-plaintiff retaliation, whistleblower action where employee was terminated after reporting an incident); *Davila v. L.A. Unified Sch. Dist.*, 2019 WL 5773870 (Cal. Super. Ct. Sept. 10, 2019) (awarding $600,000 in emotional distress damages in single-plaintiff retaliation, whistleblower action where employee was demoted and ultimately constructively discharged after reporting an incident); *Dinham v. Prime Healthcare Servs. Found.*, 2015 WL 12567244 (Cal. Super. Ct. Oct. 21, 2015) (awarding $120,000 in emotional distress damages in single-plaintiff retaliation, whistleblower action where employee was terminated after reporting an incident). Accordingly, Lowe's

Gibson, Dunn & Crutcher LLP

7

conservatively estimates that Plaintiff's claims for emotional distress damages place at least **$25,000** in controversy.  *See Canales*, 2017 WL 5905498, at *4 (finding defendant's assertion that "the minimum amount in controversy for emotional distress damages is $25,000" to be plausible); *Castle*, 2017 WL 2111591, at *4 (same); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (finding no clear error in the district court's conclusion that emotional distress damages would add at least an additional $25,000 to plaintiff's claim).

20.     This Court may also consider Plaintiff's request for punitive damages for his wrongful termination claim in determining the amount in controversy.  Plaintiff alleges that Lowe's "retaliated against [Plaintiff] by terminating [him], before he had an opportunity to speak with OSHA" and that Lowe's "conduct . . . was despicable [and] carried on . . . with a willful [sic] and conscious disregard of [Plaintiff's] rights, such as to constitute malice, oppression, or fraud under California Civil Code section 3294" such that he "seeks an award of punitive damages in an amount appropriate to punish or make an example of" Lowe's.  Compl. ¶¶ 27, 56.  Punitive damages are available for Plaintiff's claims under California law.  *Smiley v. Hologic, Inc.*, 2017 WL 1354787, at *12 (S.D. Cal. Apr. 12, 2017) (noting that punitive damages are available for claims brought pursuant to California Labor Code § 1102.5).  And "[i]t is well established that punitive damages are part of the amount in controversy in a civil action."  *Amado v. US Bancorp*, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24, 2015) (alteration in original) (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law.").

21.     A "defendant 'may introduce evidence of jury verdicts in cases involving analogous facts' in order to establish probable punitive damages" even where the facts of the current case are "far less egregious."  *Mejia v. Parker Hannifin Corp.*, 2018 WL

Gibson, Dunn &
Crutcher LLP

8

582325, at *4–5 (C.D. Cal. Jan. 26, 2018) (quoting *Simmons*, 209 F. Supp. 2d at 1033); *see Simmons*, 209 F. Supp. 2d at 1033 (noting that the "fact that the cited [jury verdict] cases involve distinguishable facts is not dispositive"). Punitive damages have been awarded in other single-plaintiff retaliation, whistleblower cases. *See*, *e.g.*, *Casillas v. Cent. Cal. Faculty Med. Grp., Inc. D/B/A Univ. N. Med. Specialty Cent.*, 2016 WL 9281429 (Cal. Super. Ct. Oct. 27, 2016) (awarding $500,000 in punitive damages in single-plaintiff retaliation, whistleblower suit); *Ortega v. Carson Wild Wings LLC*, 2020 WL 1812491 (Cal. Super. Ct. Feb. 11, 2020) (awarding $100,000 in punitive damages in single-plaintiff retaliation, whistleblower suit); *Babyak v. Cardiovascular Sys. Inc.*, 2017 WL 1907785 (Cal. Super. Ct. Apr. 25, 2017) (awarding $22,400,000 in punitive damages in single-plaintiff retaliation, whistleblower suit). Accordingly, Lowe's "has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award." *Simmons*, 209 F. Supp. 2d at 1033. Assuming a conservative punitive damages award based upon a 1:1 ratio would place at least an additional **$55,348** in controversy ($30,348 in lost wages + $25,000 in emotional distress damages). *See Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a conservative 1:1 ratio for punitive to compensatory damages" for determining whether the amount in controversy threshold was met).

22.    Plaintiff also seeks attorneys' fees. *See* Compl., Prayer ¶ 8. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Indeed, where "the law entitles [Plaintiff] to an award of attorneys' fees if [she] is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." *Id.*; *Castillo v. ABM Indus. Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (noting that "recent cases in this district hold that post-removal attorneys' fees should be included") (collecting cases). Attorneys' fees are recoverable for California Labor Code section 1102.5 claims. *See* Cal. Lab. Code § 1102.5(j). Further, the Central District has

Gibson, Dunn & Crutcher LLP

9

"determined that 'an appropriate and conservative estimate' for attorneys' fees in [individual] employment cases in this district 'may reasonably be expected to equal at least $30,000.'"  *Castillo*, 2017 WL 5609791, at *3 (quoting *Guytan v. Swift Transp. Co. of Arizona, LLC*, 2017 WL 2380159, at *3 (C.D. Cal. June 1, 2017)); *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (estimating "at least" $30,000 in attorneys' fees in a single-plaintiff employment case); *Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015) (same).

23.     The inclusion of $30,000 in attorneys' fees would increase the total amount in controversy to **$140,696** demonstrated as follows:

| | |
|---|---|
| Conservative estimate of amount in controversy from lost wages allegations: | $30,348 |
| Conservative estimate of amount in controversy from emotional distress allegations: | $25,000 |
| Conservative estimate of amount in controversy from punitive damages allegations: | $55,348 |
| Conservative estimate of amount in controversy from request for attorneys' fees: | $30,000 |
| Estimated total amount in controversy: | **$140,696** |

24.     The amount in controversy outlined above is a conservative estimate, as it (1) does not reflect the maximum amount in controversy of Plaintiff's claims for lost wages, emotional distress damages, punitive damages, and attorneys' fees; and (2) does not include Plaintiff's claims for alleged lost wages after April 20, 2023, lost benefits, past and future medical expenses, rest break penalties, wage statement penalties, and other civil penalties.

**III.    THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

25.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

Gibson, Dunn & Crutcher LLP

10

a) This is a civil action within the meaning of 28 U.S.C. § 1332(a);

b) The properly named parties are citizens of different states as required by 28 U.S.C. § 1332(a)(1); and

c) The amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

26.     The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits.  This action was originally filed in the Los Angeles County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

27.     True and correct copies of the (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; (d) Civil Case Cover Sheet Addendum and Statement of Location; (e) Notice of Case Assignment Unlimited Civil Case; (f) Alternative Dispute Resolution (ADR) Information Package; (g) First Amended General Order; (h) Voluntary Efficient Litigation Stipulation Packet; (i) Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; (j) Notice of Case Management Conference; (k) Proof of Personal Service; and (l) Notice of Service of Process Transmittal are attached as Exhibits A–L to the Declaration of Katie M. Magallanes, filed concurrently herewith.  These filings constitute the complete record of all records and proceedings in the state court.

28.     Upon filing this Notice, Lowe's will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Gibson, Dunn &
Crutcher LLP

11

DATED: April 20, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
JOSEPH R. ROSE
KATIE M. MAGALLANES

By: */s/ Joseph R. Rose*
    Joseph R. Rose

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

Gibson, Dunn &
Crutcher LLP

12